UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TYHESSIA MCMILLAN, individually and
on behalf of all others similarly situated,

                Plaintiff,                          REPORT AND
                                                                                                                       RECOMMENDATION
   -against-
                                                                                                                       20 CV 777 (LDH)(RML)

TATE & KIRLIN ASSOCIATES, INC.,

                Defendant.
---------------------------------------------------------X

LEVY, United States Magistrate Judge:

       By order dated August 19, 2020, the Honorable LaShann DeArcy Hall, United States District Judge, referred plaintiff's motion for a default judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion be granted and that plaintiff be awarded a total of $4,576.

## BACKGROUND AND FACTS

       Plaintiff Tyhessia McMillan ("plaintiff") commenced this action on February 12, 2020, asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). (See Complaint, dated Feb. 11, 2020 ("Compl."), Dkt. No. 1.) Defendant Tate & Kirlin Associates, Inc. ("defendant") is a debt collector incorporated in Pennsylvania. (Id. ¶¶ 8-13.) The complaint alleges that on February 12, 2019, defendant sent plaintiff a debt collection letter (the "Letter") claiming that she owed $964.29 in consumer debt to an entity called LVNV Funding LLC, when in fact she did not owe any money to LVNV Funding LLC. (Id. ¶¶ 27, 45-47, 69-77, Ex. 1.)

Plaintiff served defendant with the summons and complaint via its registered agent in Albany, New York. (See Affidavit of Service of Michael Pickett, sworn to Feb. 19, 2020, Dkt. No. 6.) Defendant has not filed an answer or otherwise moved with respect to the complaint, and the Clerk of the Court noted defendant's default on June 24, 2020. (See Clerk's Entry of Default, dated June 24, 2020, Dkt. No. 9.) Plaintiff seeks an award of $1,000 in statutory damages, plus attorney's fees and costs in the amount of $4,820, for a total award of $5,820. (See Plaintiff's Memorandum of Law, dated Aug. 18, 2020, Dkt. No. 10-1.)

## DISCUSSION

A. Default Judgment

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the court may grant a default judgment following the completion of a two-step process. See FED. R. CIV. P. 55; Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011). First, the moving party must obtain a certificate of default from the Clerk of the Court, which must administratively enter a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." See FED. R. CIV. P. 55(a). Second, if the defaulting party fails to appear or move to set aside the entry of default under Rule 55(c), the opposing party may move for a default judgment to establish liability and damages. See FED. R. CIV. P. 55(b)(2). The court will then consider the entry of default to be that party's admission of all well-pleaded factual allegations in the complaint regarding liability. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006); Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

Nonetheless, "[a] defaulting party is not . . . deemed to concede conclusions of law[,]" nor is a fact considered "well-pleaded" for these purposes "if it is inconsistent with other allegations of the complaint or with facts of which the court can take judicial notice." Hop Hing Produces, Inc. v. Lin Zhang Trading Co., No. 11 CV 3259, 2013 WL 3990761, at *3 (E.D.N.Y. July 10, 2013) (internal quotations and citations omitted), report and recommendation adopted, 2013 WL 3990761 (E.D.N.Y. July 31, 2013). Even after a default is entered against a defendant, the plaintiff "is not entitled to a default judgment as a matter of right; rather[,] the entry of a default judgment is entrusted to the sound judicial discretion of the court." Allstate Ins. Co. v. Howell, No. 09 CV 4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (quoting Cablevision of S. Conn. v. Smith, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)), report and recommendation adopted in relevant part, 2013 WL 5447152 (E.D.N.Y. Sept. 27, 2013). In considering whether to grant a default judgment, the court must determine whether the plaintiff's factual allegations establish the defendant's "liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); see also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

B. FDCPA Liability

The FDCPA sets forth discrete, mandatory, and unified standards for lawful debt collection practices with the aims of "eliminat[ing] abusive debt collection practices by debt collectors" and "promot[ing] consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); see Campbell v. MBI Assocs., Inc., 98 F. Supp. 3d 568, 576 (E.D.N.Y. 2015) ("Congress enacted the FDCPA . . . to eliminate 'abusive practices in the debt collection industry . . . [while] ensur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'") (citing Jacobson v.

3

Healthcare Fin. Svcs., Inc., 516 F.3d 85, 89 (2d Cir. 2008)); Meselsohn v. Lerman, 485 F. Supp. 2d 215, 218 (E.D.N.Y. 2007) ("The purpose of the FDCPA is to protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices.") (citing Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996)). "The FDCPA is a strict liability statute" and thus the degree of a defendant's culpability for an established violation of the FDCPA has no bearing on liability. Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 134 (2d Cir. 2017); see also Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62-63 (2d Cir. 1993) ("[Because] [t]he FDCPA is a strict liability statute . . . the degree of a defendant's culpability may only be considered in computing damages." (internal citations omitted)). Moreover, given the FDCPA's remedial nature, courts must construe the FDCPA's terms in a "liberal fashion if the underlying Congressional purpose is to be effectuated." Arias, 875 F.3d at 134 (quoting Vincent v. Money Store, 736 F.3d 88, 98 (2d Cir. 2013)).

To establish liability against a defendant under the FDCPA, a plaintiff must demonstrate that "(1) the plaintiff is a 'consumer' within the meaning of the Act; (2) the defendant is a 'debt collector'; and (3) the defendant . . engaged in conduct in violation of the statute." Bennett v. Asset Recovery Solutions, LLC, No. 14 CV 4433, 2017 WL 432892, at *3 (E.D.N.Y. Jan. 5, 2017) (citing Katz v. Sharinn & Lipshie, P.C., No. 12 CV 2440, 2013 WL 4883474, at *1 (E.D.N.Y. Sept. 11, 2013)), report and recommendation adopted, 2017 WL 421920 (E.D.N.Y. Jan. 31, 2017). Under the FDCPA, a "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). A "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

4

And a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Here, the complaint clearly alleges that plaintiff is a consumer and defendant is a debt collector. (See Compl. ¶¶ 6-7, 10, 13.) It also alleges a violation of the FDCPA, which bars the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692(e), and sets forth a non-exhaustive list of proscribed conduct, including "[t]he false representation of . . . the character, amount or legal status of any debt," 15 U.S.C. § 1692(e)(2)(A). (See Compl. ¶¶ 22-31, 45-55.) An allegation by a debt collector that a consumer owes a debt, when the debt is not in fact owed by the consumer, is a false, deceptive and misleading representation made in connection with the collection of a debt, and a false representation of the amount, character and legal status of the debt, in violation of 15 U.S.C. § 1692e.[1] I therefore find that plaintiff has alleged facts sufficient to establish defendant's liability under the FDCPA.

---

[1] The Second Circuit has adopted the "least sophisticated consumer" standard to determine liability under the FDCPA. See Taylor v. Fin. Recovery Servs., 886 F.3d 212, 214 (2d Cir. 2018); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). Pursuant to this standard, "a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" Avila v. Riexinger & Assocs., Ltd. Liab. Co., 817 F.3d 72, 75 (2d Cir. 2016) (quoting Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993)). Under the objective, least sophisticated consumer standard, "it is not necessary for a plaintiff to show that she herself was confused by the communication she received; [rather,] it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." Eun Joo Lee v. Forster & Garbus LLP, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013) (quoting Jacobson, 516 F.3d at 91).

C. <u>Damages</u>

1. Statutory Damages

The FDCPA provides for a maximum of $1,000 in statutory damages. 15 U.S.C. § 1692k(a)(2)(A). "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000 ceiling." <u>Savino v. Computer Credit Inc.</u>, 164 F.3d 81, 86 (2d Cir. 1998) (citation omitted). In calculating an appropriate statutory damages award, the district court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Courts in this circuit have awarded statutory damages in the maximum amount of $1,000 only when the violation is "particularly egregious." <u>Dembitzer v. Weinberg Mediation Grp. LLC</u>, No. 17 CV 1734, 2018 WL 4088077, at *5 (E.D.N.Y. Aug. 3, 2018) (quoting <u>Dunn v. Advanced Credit Recovery, Inc.</u>, 2012 WL 676350, at *3 (S.D.N.Y. Mar. 1, 2012)) (collecting cases and awarding $1,000 where defendant disclosed personal information about plaintiff and details of the debt to a third party, and defendant's agent misrepresented herself as an attorney to threaten plaintiff), <u>report and recommendation adopted</u>, 2018 WL 4087921 (E.D.N.Y. Aug. 27, 2018). A lesser award is appropriate for violations that are technical or lack a "repeated pattern of intentional abuse." <u>Seeger v. Ross & Assocs.</u>, No. 18 CV 3969, 2019 WL 5695944, at *4-5 (E.D.N.Y. Aug. 6, 2019) (citation omitted) (awarding plaintiff $500 in statutory damages); <u>see also</u> <u>Savino</u>, 164 F.3d at 86 (upholding $500 award where tone of the notice was not threatening or abusive and there was no evidence that noncompliance was intentional); <u>Dembitzer</u>, 2018 WL 4088077, at *6 (awarding $500 for failing to disclose that message was from debt collector and

6

disclosing information about the debt to a third party, but no indication that violations were intentional); Chavez v. MCS Claim Servs., Inc., No. 15 CV 3160, 2016 WL 1171586, at *4 (E.D.N.Y. Mar. 23, 2016) (awarding $250 for single non-threatening letter); Litkofsky v. P & L Acquisitions, LLC, 2016 WL 7167955, at *8 (E.D.N.Y. 2016) (same); Gonzalez v. Healthcare Recovery Mgmt. Inc., No. 13 CV 1002, 2013 WL 4851709, at *3 (E.D.N.Y. Sept. 10, 2013) (awarding $500 for single letter with no harassing or abusive conduct); Weiss v. Zwicker & Associates, P.C., 664 F. Supp. 2d 214, 218 (E.D.N.Y. Oct. 21, 2009) (awarding $500 for single non-threatening letter and no evidence that violation was intentional).

Here, defendant's FDCPA violation consisted of a single letter sent to plaintiff on one occasion. There is no evidence that the violation persisted and no allegation that the Letter was harassing, threatening, or abusive. Finally, there is no evidence that the noncompliance was intentional. Accordingly, I respectfully recommend that plaintiff be awarded $500 in statutory damages.

2. Attorney's Fees and Costs

The FDCPA allows a successful litigant to recover reasonable attorney's fees and costs. See 15 U.S.C. § 1692k(a)(3) (permitting recovery of "the costs of the action, together with a reasonable attorney's fee as determined by the court"). With regard to attorney's fees, "[b]oth [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)) (other citation omitted); see also Bergerson v. N.Y. State Office of Mental Health, 652 F.3d 277, 289 (2d Cir. 2011) ("Attorneys' fees are awarded by determining a

7

presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours.") (citing Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009)). "The lodestar figure should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation." Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997)). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Simmons, 575 F.3d at 174 (internal quotations and citation omitted). Furthermore, the Second Circuit's "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" Bergerson, 652 F.3d at 290 (quoting Simmons, 575 F.3d at 174).

Plaintiff's counsel, Barshay Sanders PLLC, requests an hourly rate of $450 for each of the two partners who worked on this case, Craig B. Sanders and David M. Barshay, except for administrative tasks, which are billed at the paralegal rate of $100. (See Declaration of Craig B. Sanders, Esq., dated Aug. 18, 2020 ("Sanders Decl."), Dkt. No. 10-2, ¶ 6.) However, the prevailing rates for experienced counsel in FDCPA cases in this district range from approximately $300 to $400 per hour. Brinkmeier v. Round Two Recovery, LLC, No. 15 CV 3693, 2016 WL 4384330, at *9 (E.D.N.Y. July 25, 2016), report and recommendation adopted, 2016 WL 4384723 (E.D.N.Y. Aug. 16, 2016); see also, e.g., Datiz v. Int'l Recovery Assocs., Inc., No. 15 CV 3549, 2020 WL 5899881, at *8 (E.D.N.Y. Mar. 12, 2020), report and recommendation adopted as modified, 2020 WL 3790348 (E.D.N.Y. July 7, 2020) (finding that a reasonable hourly rate for attorneys Sanders and Barshay in FDCPA case was $370); Razilova v.

8

Halstead Fin. Servs. LLC, No. 18 CV 1668, 2019 WL 1370695, at *7 (E.D.N.Y. Mar. 1, 2019), report and recommendation adopted, 2019 WL 1364399 (E.D.N.Y. Mar. 26, 2019) (reducing the hourly rates of attorneys Sanders and Barshay from $500 to $350 for work done in FDCPA case); Seeger v. Ross & Assocs., No. 18 CV 3969, 2019 WL 5695944, at *5 (E.D.N.Y. Aug. 6, 2019) (reducing hourly rates for attorneys Sanders and Barshay from $450 to $350 for work done in FDCPA case); Chavez, 2016 WL 1171586, at *4 (noting that the $575 hourly rate for attorneys Sanders and Barshay was not in accord with prevailing rates and reducing the rate to $350 per hour); Barshay v. Specified Credit Associates I, Inc., No. 15 CV 1044, 2016 WL 3578993, at *5 (E.D.N.Y. June 3, 2016), report and recommendation adopted sub nom., Barshay v. Specified Credit Associates 1, Inc., No. 15 CV 1044, 2016 WL 3582058 (E.D.N.Y. June 28, 2016) (recognizing that the $575 hourly rate charged by attorney Sanders did not align with hourly rates awarded in similar cases and instead finding that "a reasonable hourly rate is $350.00"). Given the straightforward, routine nature of this case, I recommend that counsel's hourly rate be reduced to $370. However, I find that the $100 per hour fee for administrative or paralegal work performed by counsel is appropriate. See Resnik v. Coulson, No. 17 CV 676, 2020 WL 5802362, at *5 (E.D.N.Y. Sept. 28, 2020); Antoine v. Brooklyn Maids 26, Inc., No. 19 CV 5676, 2020 WL 5752186, at *22 (E.D.N.Y. Sept. 26, 2020).

Counsel seeks to be compensated for 9.3 hours of attorney time in connection with this matter, plus 1.7 hours for administrative or paralegal work. (See Sanders Decl., Ex. 1.) The court must "use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case." Fox Indus., Inc. v. Gurovich, No. 03 Civ. 5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)). The party seeking an award of attorney's fees

9

bears the burden of documenting "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." Cho v. Koam Medical Servs. P.C., 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (internal citations, quotation marks, and alteration omitted). A court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation." Cho, 524 F. Supp. 2d at 209 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

Plaintiff's counsel has submitted time records. (See Sanders Decl., Ex. 1.) I have reviewed the records, and I find the number of hours expended reasonable. I therefore recommend that plaintiff be awarded $3,611 in attorney's fees ($370 x 9.3 + $100 x 1.7).

Finally, plaintiff seeks reimbursement of costs in the amount of $465. (See Sanders Decl., ¶ 13, Ex. 2.) Courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987); Sheet Metal Workers Nat'l Pension Fund v. Evans, No. 12 CV 3049, 2014 WL 2600095, at *11 (E.D.N.Y. June 11, 2014). Here, the costs are $400 for the court filing fee and $65 for service of process, and I find these costs reasonable.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for a default judgment be granted and that plaintiff be awarded a total of $4,576, representing $500 in statutory damages, $3,611 in attorney's fees, and $465 in costs. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
Unites States Magistrate Judge

Dated: Brooklyn, New York
December 1, 2020